IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CORINNA SUE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00772-BP |
| | § | |
| ANDREW M. SAUL, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Corinna Sue Jones ("Jones") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her application for Supplemental Security Income ("SSI") payments under Title XVI. ECF No. 1. After considering the pleadings, briefs, administrative record, and applicable legal authorities, the undersigned **AFFIRMS** the Commissioner's decision.

**I.     STATEMENT OF THE CASE**

Jones was born on August 1, 1970, has a high school education, and is able to communicate in English. *See* Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 21-1 at 25. She applied for disability insurance benefits ("DIB") under Title II of the Social Security Act and SSI on June 28, 2018, alleging that her disability began on June 2, 2008. Tr. 14. When she applied, she was thirty-seven years old, which is defined as a younger individual. Tr. 25. The Commissioner denied her claim initially on November 6, 2018, and upon reconsideration on February 4, 2019. Tr. 14. Jones requested a hearing, which was held before Administrative Law Judge ("ALJ") Sherrill A. LaPrade Carvalho on November 6, 2019, via video, with Jones and her attorney present. *Id.* At the hearing, Jones amended her alleged onset date to June 28, 2018 and withdrew her Title II application. *Id.*

The ALJ issued her unfavorable decision on January 9, 2020, finding that Jones was not disabled. Tr. 26.

Specifically, the ALJ employed the statutory five-step analysis and established during step one that Jones had not engaged in substantial gainful activity since June 28, 2018, the amended alleged onset date. Tr. 17. At step two, she determined that Jones had the severe impairments of carpal tunnel syndrome, asthma, morbid obesity, and depression. *Id.* She found that Jones had a moderate limitation concentrating, persisting, or maintaining pace. Tr. 19. She also found that Jones had mild limitations in understanding, remembering, or applying information; interacting with others; and adapting or managing oneself. Tr. 19-20. At step three, the ALJ decided that Jones's impairments did not meet or medically equal two of the "marked" impairments listed in 20 C.F.R. Pt. 404(p). Tr. 18. In particular, she concluded that Jones retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, and scaffolds, kneel, crouch, and crawl. The claimant can occasionally climb ramps and stairs, balance, and stoop. The claimant can frequently handle with her bilateral upper extremities. The claimant must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poorly ventilated areas. The claimant can perform detailed, but not complex tasks.

Tr. 20. At step four, the ALJ determined that Jones was incapable of performing past relevant work as a store laborer and cashier checker, but that a significant number of jobs existed in the national economy that she could perform, so a finding of "not disabled" was appropriate. Tr. 24-25.

The Appeals Council denied review on May 21, 2020. Tr. 5. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II. STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, the Social Security Act ("SSA") governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)-(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197-98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

## III. ANALYSIS

Jones raises one issue on appeal. She claims that substantial evidence does not support the ALJ's RFC determination because she did not properly evaluate the opinion of Jones's treating physician, Garry Todd Davis, D.O. ("Dr. Davis"). ECF No. 27 at 11-16.

### A. Substantial Evidence Supports the ALJ's Decision to Reject Dr. Davis's Opinion.

Jones contends that substantial evidence does not support the ALJ's determination that she retained the ability to perform light work with additional postural, manipulative, and environmental limitations because the ALJ improperly evaluated Dr. Davis's opinion. ECF No. 27 at 11. Specifically, Jones argues that the ALJ's "brief" analysis does not support the rejection of Dr. Davis's opinion as the ALJ simply dismissed his opinion without identifying any specific examples in the record to explain her rejection. *Id.* at 13. Jones argues that under the Social Security Administration's rendition of the rules on January 18, 2017, the ALJ was required to "articulate in [her] determination or decision how persuasive [she] [found] all of the medical opinions and all of the prior administrative medical findings in [Jones's] case record," which she claims the ALJ did not do. *Id.* at 12-13. Jones contends that the ALJ improperly rejected his opinion, and the Court must therefore reverse the Commissioner's decision. *Id.* at 13-14.

The Commissioner claims the ALJ properly rejected Dr. Davis's opinion because the doctor's own treatment notes revealed "mostly normal physical examinations and mental status examinations." ECF No. 28 at 7. The Commissioner states that the ALJ considered Jones's daily activities, medical records, physical examinations, and her own complaints, all of which support rejection of Dr. Davis's opinion. *Id.* He argues that Dr. Davis did not specifically identify any findings to support the limitations that he claimed Jones possesses. *Id.* Instead, Dr. Davis simply completed a check-box form and provided no mention of his findings on physical examination or objective testing. *Id.* The Commissioner notes that the evaluation of Jones's credibility is the sole responsibility of the ALJ, and the ALJ must incorporate only the limitations that she found consistent with the record. *Id.* at 9.

The Social Security Administration regulations provide that it "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520c(a)). As of January 18, 2017, the regulations required an ALJ to discuss the persuasiveness of medical opinion(s) or prior administrative finding(s) for all claims filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). In determining the persuasiveness of each medical opinion or prior administrative finding, the ALJ considers five factors: (1) supportability, (2) consistency, (3) relationship with the claimant (including: (i) length of treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of treatment relationship, (v) examining relationship), (4) specialization, and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id*. §§ 404.1520c(c), 416.920c(c) An ALJ must explain how she considered the supportability and consistency factors for a medical opinion or a prior administrative medical finding in her determination. *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2). An ALJ may, but is not required, to discuss how she considered the medical source's relationship with the claimant, specialization, or other factors in her determination. *Id*.

When an ALJ determines that there are multiple medical opinions or prior administrative medical findings concerning the same issue that are equally persuasive in terms of supportability and consistency with the record, she must further discuss how she considered the opinions or prior administrative findings. *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2). In this circumstance, the ALJ also must discuss how she considered the relationship with the claimant, specialization, or other factors in her determination. *Id.*

The ALJ did not reject Dr. Davis's opinion without an explanation as Jones claims, nor did she simply use the terms "supported" and "consistent" to reject his opinion. Instead, the ALJ stated the findings of the medical record, pointed out the inconsistencies that she found, and through these findings, concluded that the medical record as a whole did not support Dr. Davis's opinion.

For example, the ALJ noted that Dr. Davis completed a Physical Assessment and Mental Capacity Assessment of Jones in March 2019. Tr. 23. In his assessment, he concluded that Jones had carpal tunnel syndrome, asthma, obesity, depression, and fatigue. *Id.* He also noted that her prescribed medications caused her to have some irritability and a racing heart at times. *Id.* Due to this assessment, Dr. Davis opined that Jones should "not lift more than five pounds and she could only sit for one to two hours and stand/walk for one hour in an eight-hour workday." *Id.* He also determined that she could never grasp and could need unscheduled breaks from ten to thirty minutes possibly every few minutes. *Id.* As to Jones's mental status, Dr. Davis determined that she had a "moderate limitation in her abilities to follow one-or-two-step oral instructions to carry out a task and sequence multi-step activities" and had "marked limitation in her ability to ignore or avoid distractions while working." *Id.*

However, after considering the medical record as a whole, the ALJ determined that Dr. Davis's opinion was not persuasive because his treatment notes and the medical record did not support the limitations he expressed. *Id.* Looking at Jones's daily activities, the ALJ noted that despite Dr. Davis's opinion that Jones had disabling limitations, she could travel outside her home independently, tend to her personal care needs, care for her dogs, feed her fish, fold clothes, water her plants, pick roses, prepare simple meals, shop in stores, get along with others, attend church, manage her finances, use the computer, read, and drive. Tr. 21. The ALJ also found that no evidence such as an electromyogram or nerve conduction showed the severity of Jones's carpal

tunnel syndrome, undermining Dr. Davis's opinion that Jones could never grasp. Tr. 22. Additionally, the ALJ noted that in September 2018, a consultative examiner determined that Jones had normal grip strength and the manual dexterity of her wrists and hands was well preserved. Tr. 23. The ALJ found evidence that Jones's mental status examinations were "grossly normal" as she was alert, oriented with normal affect, had normal judgment, and good insight. *Id.*

The ALJ further looked to the state agency medical consultants' opinions when considering Jones's limitations. Tr. 24. The medical consultants opined that Jones was capable of light work with postural limitations. *Id.* The ALJ determined that the medical consultants' opinions were consistent with the medical record as a whole, but due to Jones's subjective complaints and the findings of the consultative examiner, the ALJ included additional manipulative and environmental limitations in her RFC determination. *Id.*

Substantial evidence in the record supports the ALJ's rejection of Dr. Davis's opinion and her subsequent determination that Jones could perform light work on a sustained basis. When determining the extent of a claimant's ability to do physical and mental work activities, the relevant regulations require the ALJ to consider medical opinions together with the rest of the relevant evidence in the record. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ has done just that. She considered the objective medical evidence as well as Jones's subjective complaints, identified the inconsistencies, determined that the medical record as a whole did not support Dr. Davis's opinion regarding Jones's limitations, and concluded that his opinion was not persuasive.

Jones has not shown that credible evidentiary choices or medical findings do not support the ALJ's RFC finding. Instead, she argues that other evidence in the record, such as Dr. Davis's opinion, shows that she is not capable of the demands of light work as she cannot frequently handle with her bilateral upper extremities. *See* ECF No. 27 at 12. Jones's "burden is not to highlight

evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Caldwell v. Colvin*, No. 4:15-cv-00576-O-BL, 2016 WL 3621097, at *3 (N.D. Tex. June 10, 2016), *rec. adopted,* No. 4:15-cv-00576-O, 2016 WL 3523780 (N.D. Tex. June 28, 2016). Jones's disagreement with the ALJ's RFC finding does not carry her burden of establishing that no substantial evidence supports the ALJ's determination. As a result, reversal of the ALJ's decision is not required on this point.

## IV. CONCLUSION

Because the ALJ employed the correct legal standards, substantial evidence in the record supports her decision, and Plaintiff has not shown that reversal of the decision is required, the Commissioner's decision is **AFFIRMED.**

It is so **ORDERED** on July 9, 2021.

                                                                                       _____
                                                                                       Hal R. Ray, Jr.
                                                                                       UNITED STATES MAGISTRATE JUDGE